**In re Arthur B. DILTS, M. Joan Dilts d/b/a Dilts Electric Company, Debtors.**

**Bankruptcy No. 87–2336PGH.
Motion No. 89–3697.**

United States Bankruptcy Court,
W.D. Pennsylvania.

April 26, 1991.

Gary W. Short, Pittsburgh, Pa., for debtors.

Howard K. Hilner, Pittsburgh, Pa., for Mellon Bank.

William Weiler, Pittsburgh, Pa., for I.R.S.

Allen L. Palmer, New Castle, Pa., for Designore Elec. Supply.

## RECONSIDERATION OF ORDER DENYING CONFIRMATION OF CHAPTER 11 PLAN

WARREN W. BENTZ, Bankruptcy Judge.

### OPINION

#### Background

This matter is before us on the Motion of Arthur B. Dilts and M. Joan Dilts doing business as Dilts Electric Company ("Debtors") for Reconsideration of our Opinion and Order of May 31, 1989, which denied confirmation of the Debtors' Plan of Reorganization ("Plan") on the basis that the Plan is not fair and equitable and is unfairly discriminatory. *In re Dilts*, 100 B.R. 759 (Bankr.W.D.Pa.1989). Upon reconsideration of the record and the Debtors' subsequent Second Amendment to the Plan, we will reverse our prior decision.

#### Facts

The Debtors filed a voluntary petition under Chapter 11 of the Bankruptcy Code on September 2, 1987 and filed the Plan on February 8, 1988. The Plan provides that the Debtors retain their residence [1] which serves as collateral for loan obligations to Mellon Bank ("Mellon") and Zelie Consumer Discount Company ("Zelie"). The value of the property exceeds Mellon's secured claim of approximately $53,000. Mellon's note was originally a five-year note with the balance due and payable on February 1, 1986. Therefore, as of the commencement of the Debtors' Chapter 11 proceeding, Mellon's secured claim was mature.

The Plan, prior to the Debtors' Second Amendment filed June 8, 1989, proposed to impair Mellon's claim, secured by a first mortgage, by reducing the interest rate from 14% to 10½% and extending the repayment period while leaving Zelie's claim, secured by a second mortgage, unimpaired

and to be paid in accordance with the contract at an interest rate of 17.63%.

Mellon objects to the confirmation of the Plan or any plan that the Debtors would propose wherein the interest rate or the term of its loan would be impaired. Mellon claims that the Plan is not fair and equitable and discriminates unfairly and that, since both Mellon and Zelie have liens on the Debtors' residence, both should be in the same class.

The Debtors assert that the Plan satisfies the fair and equitable standard contained in 11 U.S.C. § 1129(b)(2)(A) and does not discriminate unfairly. The Debtors also point out that 11 U.S.C. § 1123(a) expressly provides that liens may be modified in maturity dates and/or interest rates may be changed.

Following this Court's denial of confirmation of the Plan, the Debtors amended the Plan, impairing Zelie's claim in a manner similar to Mellon's claim. With Zelie's consent, its interest rate was reduced from 17.63% to 10½% and the term of its loan was extended.

Thus, the issue as stated in our prior Opinion, "whether the Debtors, under 11 U.S.C. §§ 1123 and 1129(b) can modify a first mortgage lien on the Debtors' residence in a Chapter 11 Plan when a junior second mortgage on the same property is treated as a separate class and remains unimpaired under the Plan" is moot.

#### Issues

1. Whether a Chapter 11 Plan of Reorganization may impair an oversecured claim without the consent of the creditor.

2. Whether the Debtors' Plan is fair and equitable and does not unfairly discriminate against the claim of Mellon Bank.

#### Discussion

 We find Mellon's argument that its claims should be in the same class as that of Zelie's to be without merit. Classification of secured claims under 11 U.S.C.

---

1. The real estate in question will, for convenience, be referred to as the Debtors' residence, but it also serves as the business office.

§ 1122 is ordinarily determined on the basis of priority, nature of collateral and agreements among creditors with respect to subordination. 5 *Collier on Bankr.* ¶ 1122.03[6] (15th Ed.1988). Two creditors with liens of different priority on the same property will usually be classified separately. *Id.* Further, although Mellon and Zelie are classified separately, the Debtors' Second Amendment provides similar treatment to both classes.

■ We also find no merit in Mellon's objections that the Plan is unfairly discriminatory and is not fair and equitable and therefore violates § 1129(b)(1). The Second Amendment to the Plan eliminates the proposition in the original Plan that Debtors may impair an oversecured creditor, over its objections, by reducing the interest rate and extending the term of the repayment period while a junior mortgageholder on the same property is to receive payment in full over an extended period at a higher interest rate than that proposed to the first mortgageholder. The Second Amendment provides the same rate of interest and extends the term of both loans.

11 U.S.C. § 1123(a)(5)(H) permits a debtor to propose a plan of reorganization which extends the maturity date or to change an interest rate or other term of an outstanding security. *See In re Crane Automotive, Inc.*, 88 B.R. 81 (Bankr.W.D.Pa. 1988) [and cases cited therein].

If the Debtor utilizes his power to modify an obligation over the objection of a secured creditor under § 1123, it is the "cramdown" provision of § 1129(b) that enables the Debtor to force the modification upon the creditor. *Id.* at 84. Under § 1129(b), a plan may be confirmed over the objection of a dissenting class if the plan does not discriminate unfairly and is fair and equitable to the creditor class. *In re Sis Corp.*, 120 B.R. 93, 96–97 (Bankr.N. D.Ohio 1990).

§ 1129(b)(2)(A) provides that a plan may be confirmed over the objection of a secured creditor if:

(A) With respect to a class of secured claims, the plan provides—

(i)(I) that the holders of such claims retain the liens securing such claims, whether the property subject to such liens is retained by the debtor or transferred to another entity, to the extent of the allowed amount of such claims; and

(II) that each holder of a claim of such class receive on account of such claim deferred cash payments totaling at least the allowed amount of such claim, of a value, as of the effective date of the plan, of at least the value of such holder's interest in the estate's interest in such property;

.　　.　　.　　.　　.

11 U.S.C. § 1129(b)(2)(A).

There is no dispute that Mellon and Zelie will retain the liens securing their claims. To satisfy the second test under § 1129(b)(2)(A)(i)(II), where the plan proposes to pay a secured creditor in installments, the present value of the future stream of payments must equal the amount of the creditors' secured claim. *In re E.I. Parks No. 1 Limited Partnership*, 122 B.R. 549 (Bankr.W.D.Ark.1990). Interest at an appropriate rate reflecting the prevailing market rate of interest must be added to the payments. *Id.*

The Debtors propose an interest rate of 10½%, the rate Mellon quoted for similar loans at the time of the confirmation hearing. The parties have not disputed that this is an appropriate rate of interest.

The Bankruptcy Code contemplates deferred payments of secured loans generally and does not exempt a secured creditor from impairment of its loan because it is oversecured.

The Plan, as amended, provides similar treatment to both secured lenders. The Plan impairs the interest rate and extends the maturity date of both loans. The proposed rate of interest, 10½%, is equivalent to the interest rate that the Debtor would have to pay a creditor on the open market in order to obtain a loan on equivalent terms. Therefore, the present value of the future payments Mellon is to receive is equivalent to the amount of its claim.

We hold that the Debtors' Plan, as amended, is fair and equitable and does not unfairly discriminate. Mellon's objections will be overruled. The Debtors' Plan, as amended, will be confirmed. An appropriate Order will be entered.

## ORDER

This 26th day of April, 1991, the Debtors' Plan of Reorganization having been confirmed, it shall be, and hereby is, ORDERED that the Motion to Convert filed by the United States Trustee is DISMISSED.